PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20 2000
THOMAS K. KAHN
CLERK

_____

No. 99-13349
Non-Argument Calendar

_____

D. C. Docket No. 98-01991-CV-CC-1

MINDIS METALS, INC.,

Plaintiff-Appellant,

versus

TRANSPORTATION INSURANCE COMPANY,
TRANSCONTINENTAL INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 20, 2000)**


Before COX and WILSON, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Plaintiff Mindis Metals, Inc. appeals the district court's grant of summary judgment to defendant Transportation Insurance Company on plaintiff's claim for indemnification for its settlement with Eureka Foundry Company. There is no consensus in other jurisdictions as to whether intentional conduct premised on erroneous information is an "accident" under a general liability insurance policy. *Compare, e.g.*, *Red Ball Leasing v. Hartford Accident & Indem. Co.*, 915 F.2d 306, 309-12 (7th Cir. 1990), *with Lumber Ins. Cos., Inc. v. Allen*, 820 F.Supp. 33, 34-36 (D.N.H. 1993). In Georgia, however, such conduct is not an "accident," as explained by Judge Duross Fitzpatrick in *Macon Iron & Paper Stock Co., Inc. v. Transcontinental Ins. Co.*, No. 5:97-CV-168-4 (M.D. Ga. March 9, 1999), a copy of which is attached. There was no error in determining that plaintiff's conversion of Eureka's scrap metal was not an "accident" potentially qualifying plaintiff for indemnification under the terms of the insurance policy.

AFFIRMED.